C. & R. Lumber Co. *v.* Crane.*

(Division B.  March 24, 1924.  Suggestion of Error Overruled May 12, 1924.)

[99 So. 753.  No. 23904.]

1. Master and Servant.  *Master selecting way liable for resulting injuries.*

   Where a master, engaged in operating a steam skidder on a track, employs a person as rider to convey a skidder chain by horse power, selects the way for such rider to travel in going from the skidder to the logs to which the chain is to be attached to be drawn to the skidder, and directs the rider to ride rapidly, the master must exercise due care in selecting the way, and, if he is negligent in selecting the way and the servant is injured by reason of such negligence, the master is liable for damages occasioned by such injury.

2. TRIAL. *Instructions on liability of master for negligence in selecting method of servant's work held not erroneous when considered with all instructions.*

 *Headnote 1. Master and Servant, 26 Cyc, p. 1113; 2. Master and Servant, 26 Cyc, p. 1493.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Action by Arthur Crane against the C. & R. Lumber Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Deavours & Hilbun,* for appellant.

I. *Did appellant fail to provide a safe place for appellee to work?*

Under the peculiar facts of this case we submit that there was no negligence in this respect. Taking into consideration the nature of the work that appellee was employed to do, he had a reasonably safe place in which to work. The very work at which he was employed was of such a nature that its progress was constantly changing the conditions as regards an increase or diminution of safety. The hazards of the work, arising as the work proceeded, and as he rode from place to place over the woods, were the ordinary dangers of the employment. And when he accepted employment in this kind of work, he necessarily assumed the ordinary dangers of the employment.

This court, in *Cybur Lumber Company* v. *Erkhart,* 79 So. 235, has, it seems to us, forever settled this proposition against appellee. 3 Labatt on Master and Servant (2 Ed.), par. 1177; 18 R. C. L., par. 96; *Citrone* v. *O'Rouke Engineering Construction Company,* 188 N. Y. 339, 80 N. E. 1092, 19 L. R. A. (N. S.) 340, and note. The danger to the servant in this case is manifestly a transitory peril which the master could not foresee or provide against.

II.  *Did appellant direct appellee into a place of known danger, thereby causing him injury?*

We submit that under the circumstances of this case that appellee was not ordered into a place of danger. The very nature of the business he was employed to do, made it necessary for appellee to ride around stumps, trees, tree tops and limbs. He could in no other way perform the duties of his employment. There was nothing unusual in this situation—nothing unusual about the ordinary tree top lying in the woods. In fact appellee testified that while he was watching his way, he did not see the tree top until he ran into it and was injured. If appellee who was riding along, watching his way, could not see the tree top and did not see the danger in riding along, how can it be contended that under the circumstances there was negligence in failing to provide a safe place for him to work?

Conceding for the sake of argument only, that the place was unsafe, we submit that there is no evidence in the record to show that appellant had either actual or constructive notice of such danger. The rule in determining whether an order is negligent, under the circumstances, is stated in 4 Labatt's Master and Servant (2 Ed.), sections 1361, 3918.

If appellee who was on his horse riding in the direction of the tree top, looking in that direction, as he testified, could not and did not see the tree top and the limb that he claims caused his injury, how can it be contended that

135 Miss.—20

this foreman who was one hundred and fifty feet away could have seen or had notice of the alleged danger? We therefore submit that appellee has wholly failed to prove the most vital element in his attempt to show negligence. And therefore he cannot recover on the ground that he was ordered by appellant into a place of known danger.

*F. B. Collins,* for appellee.

This case was bottomed on the theory that defendant's foreman directed plaintiff into an unsafe place, and he was thereby injured. Appellant argues at great length the question as to whether defendant owed plaintiff the duty to furnish him a safe place to work, and the fact that the progress of the work was constantly changing the conditions as regards to the increase or diminution of safety.

This case is different in two·respects from the cases cited and the principle argued by appellant. First: The nature of the work did not change the safety of the place, for plaintiff was not working on a place, but was furnished a different way each time, or at different times, and had nothing to do with making it safe or dangerous. Second: Plaintiff did not have time to pick out his way, but was depending altogether upon his foreman to select him a route and fix the way. This was a part of the duty of the foreman and no part of the duty of the plaintiff.

The case of *Cybur Lumber Company* v. *Erkhart,* 79 So. 235, relied upon by appellant to sustain his contention in this case is different in facts from the case at bar in two very important respects, viz: First: In the case at bar the plaintiff relied upon the foreman of defendant to perform his duty in selecting him a place to ride, and had a right to assume that he would perform that duty. This fact does not appear in the Cybur Lumber Company case. Second: The foreman of defendant ordered plaintiff into the place that he had selected, and

having selected the place it was his duty to see that it was a safe place, and was charged with the knowledge of its dangers.

The facts of this case disclose that the foreman of the crew with which appellee was working directly and expressly ordered plaintiff to go through this place of danger and the place where he was injured. Why did the master undertake to select the way if it was not for the purpose of protecting the servant from just such dangers as he encountered in the case at bar? If the servant understands that the master is looking out for a place all the time for him to travel and over which he does his work he certainly is relieved of the duty of selecting his own way, and he is certainly warranted in relying upon the superior knowledge of the master in making the selection, and this is true notwithstanding the fact that the way over which plaintiff must travel is seldom the identical way. If the master did not have the knowledge in this case of the danger in this way he should have had because it was his duty to know this before he ordered plaintiff to go in this way. To be ignorant was to be negligent.

*Jeff Collins,* also for appellee.

Counsel for appellant contends that because the foreman did not have actual knowledge that this was a dangerous place over which for appellee to travel as he was traveling, the appellant, therefore, is not liable. But this is not the rule of law applicable to this kind of case. 26 Cyc., pages 1142 and 1164 lays down the correct rule.

The author here cites a number of authorities in support of this rule. Hence it is our contention that it was the duty of appellant or its foreman, before directing appellee over this particular route, to see that it was a reasonably safe route over which for appellee to travel in the manner in which he was directed to travel. It

seems to us that it would be equivalent to hold that a master owed his servant no duty whatever, while operating a skidder in pulling logs to its railroad track, to hold that appellant was not liable under the facts in this case.

Etheridge, J., delivered the opinion of the court.

The appellee was employed by the appellant as a rider, whose duty it was to carry a cable from the skidder used by the appellant to a log in the woods, to which the skidder cable would be attached for the purpose of drawing the log back to the skidder to be loaded upon cars. The cable was carried by a horse being hitched to it and ridden by the rider rapidly to the log and to the skidder, operated by a man in charge of the cable, and unwound as the rider moved towards the log.

It was the duty of the appellee also to follow the log when attached to the cable back to the skidder, and to free the log from stumps and trees when it became fastened, by hitching the horse thereto and using horse power for the purpose of freeing said logs.

The appellee was plaintiff below, and alleged that these logs traveled very fast, which made it necessary to ride the horse fast to keep up with it, and in order to reach the logs with the end of the cable in the woods it was necessary to go through the woods where the logs had been cut, which made the work very dangerous if the way was not well looked out through which to carry the cable; that the plaintiff was ordered by the foreman of the defendant to ride as fast as necessary to keep up with the log coming into the skidder and to go in a lope on the horse back through the woods; that it was the duty of the foreman of the said defendant under whom the plaintiff was working to select the ways for plaintiff to carry the chain or cable as aforesaid, plaintiff not having time to do this. He further alleges that he was directed by the said foreman on the occasion when the injury oc-

curred, where there was a tree top which had fallen on a stump and broke it off and made it impossible for the plaintiff to go straight to the said log. But he was instructed by the said foreman to make a detour around said tree top and stump, and the said foreman directed plaintiff to go just around the stump and tree top, knowing, or by the exercise of reasonable care could have known, that this was an unsafe way to go, because the foreman knew, or by the exercise of reasonable care could have known, that the passageway through which the plaintiff was directed to go was too narrow, and was obstructed by limbs, and that there was a limb protruding from another log in the opposite direction from the said tree top and in a short distance of the said stump, and there was no room for the plaintiff to pass through between the stump and log safely with the said horse, but the plaintiff, not knowing of the limb protruding, started to go through the said place as directed, thinking that he had a clear way, and was riding the horse fast as he was directed by the said foreman of the said defendant to do, and, while so working as stated, his foot was entanged and his ankle broken, through the negligence of the said foreman in giving the defendant orders to go through an unsafe place, or ordering him into an unsafe place, when he knew, or by the exercise of reasonable care could have known, the place was unsafe, and brought suit for three thousand dollars.

Plaintiff's testimony was to the effect that he was employed by the foreman of the defendant as stated in his declaration, and that it was the foreman's business to look out a way for him to go, and that the foreman did so on this occasion; that he had to move rapidly and was ordered to move rapidly by the foreman in performing said work. The proof by the plaintiff shows that the skidder had two drums upon which the cables were wound, one on either side of the track of the logging route upon which the skidder was placed and operated, that the foreman directed the work, and that the plaintiff did

the work set out, and that there was a man at the logs who fastened the cable or chain to the logs, and when this was done the log was drawn rapidly by the drum of the skidder winding up the cable.

It is insisted by the appellant that the doctrine of an unsafe place to work has no application here, and that it was the duty of the plaintiff to select his own way, and it was not the duty of the defendant to make the place safe, or to keep it safe for the work, because the work changed as it progressed, and relies upon the case of *Cybur Lumber Co.* v. *Erkhart,* 118 Miss. 401, 79 So. 235.

We do not think that the above case applies here under the facts testified to by the plaintiff. According to the plaintiff's testimony it was the duty of the foreman of the defendant who had control and direction over the work of the plaintiff, to select a way for him and that he had done so and directed him specifically to go by the place where the injury occurred. It appears from this testimony that it is necessary for the work of this rider to be done rapidly in order to properly dispatch the work of the master. In the *Cybur Lumber Co. Case, supra,* the court pointed out that the case there decided was different from the case where the servant was directed into a dangerous place. In the present case, if the testimony of the plaintiff be true, and the jury's verdict found it to be true, then the master assumed the duty of selecting the way and must exercise reasonable caution to select and prepare a safe way. It is true that the witnesses for the defendant contradict the plaintiff's testimony as to this, and testify that the plaintiff's duty was himself to select a way, and that the foreman had no duty with reference thereto. This, however, presented a conflict of facts for the consideration of the jury.

It is also insisted that the court erred in granting instruction No. 1 for the appellee, which reads as follows:

"The court instructs the jury for the plaintiff that, if you believe from a preponderance of the evidence in

this case that defendant's foreman negligently and carelessly directed plaintiff to ride the horse that was drawing the cable over a route that was not reasonably safe, and in a manner not reasonably safe, and that plaintiff was injured while riding said horse in obedience to such orders, if any, because of the unsafe condition of the route and manner in which plaintiff was riding, if any, then it is your sworn duty to find for the plaintiff.''

It is contended by the appellant that it was error to charge the jury in reference to the riding of the horse in a manner not reasonably safe. We think the charge has reference to the safety of the place with reference to the manner in which the plaintiff was required to ride; that is, he was required to ride at a rapid rate, and if the place was unsafe by reason of this requirement it would be unsafe, even though it might have been safe for the plaintiff to ride through at a leisurely gait, with ample time to observe and guide the movements of the horse. We do not think it reversible error to give this instruction, and, when all the instructions are construed together, the court gave the law fairly applicable to the case, and that the defendant was not entitled to a peremptory instruction in this case.

It follows that the judgment must be affirmed.

*Affirmed.*